```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VONTE SKINNER<br><br>         Plaintiff,<br><br>     v.<br><br>DR. ABU ASHAN et al.,<br><br>         Defendants. | Civil Action No.<br>04-2380 (JBS)<br><br>**OPINION** |

APPEARANCES:

Mr. Vonte Skinner
1410 West 72nd Avenue
Apt. #10
Philadelphia, PA 19126
    Plaintiff, Pro Se

Stephen E. Siegrist, Esq.
Timothy J. Galanaugh, Esq.
MURPHY & O'CONNOR, LLP
1810 Chapel Avenue West
Suite 130
Cherry Hill, NJ 08002-4607
    Attorneys for Defendants Abu Ashan, Fran Green, and Lisa
    Kuntz

**SIMANDLE, District Judge:**

   This matter comes before the Court upon the motion of Defendants Dr. Abu Ashan, Fran Green, R.N., and Lisa Kuntz, R.N.P. (the "Defendants") to seal documents under Local Civil Rule 5.3(c)(2) [Docket Item No. 34]. Specifically, Defendants intend to attach the medical records of Plaintiff Vonte Skinner ("Plaintiff") as an exhibit to Defendants' forthcoming motion for summary judgment. As explained below, Defendants' motion appears

to seek not only to seal Plaintiff's medical records but also a protective order preventing Plaintiff from obtaining and reviewing these records.  For the reasons discussed below, this Court will grant Defendants' motion to seal but will deny Defendant's request for an order preventing Plaintiff from reviewing these records as part of Defendants' motion for summary judgment.

I.   **BACKGROUND**

Plaintiff brings this case under 42 U.S.C. § 1983 and claims that after he injured his ankle playing basketball at Southwoods State Prison, Defendants intentionally and knowingly deprived him of medical care in violation of Plaintiff's Eighth Amendment rights.  (Complaint at 6.)  Defendants intend to move for summary judgment Defendants filed a motion to file documents under seal pursuant to L. Civ. R. 5.3(c).  [Docket Item No. 34.]  The documents that Defendants seek to file under seal are medical records of Plaintiff's care that Defendants intend to file as an attachment to Defendants' forthcoming motion for summary judgment.

In support of Defendants' motion, Defendants submit the Certification of Defendants' counsel, Timothy J. Galanaugh, Esq. (Certification of Timothy J. Galanaugh, Esq. ¶ 1.)  In this certification, Mr. Galanaugh states that the nature of Plaintiff's claim is that he was deprived of needed medical

2

treatment after he was injured while incarcerated in the New Jersey State Prison System. (Id. at ¶ 2-3.) Defendants are all employees of Correctional Medical Services, a provider of medical services to inmates in the prison system. (Id.) Mr. Galanaugh also appears to argue that, in addition to sealing Plaintiff's medical records to protect Plaintiff's privacy, this Court should issue a protective order preventing Plaintiff from reviewing these records, stating that Defendants and the State of New Jersey have a security interest in maintaining the confidentiality of the providers of the diagnostic and evaluative information contained in the medical records. See N.J.A.C. 10A:71-2.1.)[1] Defendants further argue that under the New Jersey Administrative Code, inmates are generally not permitted to have access to the confidential medical records retained by New Jersey prisons due to the perceived danger of retaliation against the medical professional documenting such records should the inmate be unhappy with the diagnosis or medical conclusions contained in

---

[1] New Jersey Administrative Code, Title 10A states, in pertinent part that

> (a) The following information, files, documents, reports, records or other written material . . . are deemed confidential:
> \* \* \* \*
> 2. Information, files, documents, reports, records or other written materials which, if disclosed, could have an adverse impact on the security or orderly operation of an institution . . . .

N.J.A.C. 10A:71-2.1

the records. (Galanaugh Cert. ¶ 7 citing N.J.A.C. 10A:22-2.7(g)). Galanaugh also certifies that Plaintiff does not need access to these records as (1) Defendants will provide him with access to a summary of the information contained in the medical records through the defendant's brief in support of the motion for summary judgment and (2) Defendant already has personal knowledge of all of the factual information as he was present for the medical examinations. (Id. ¶ 9.) Plaintiff objects to the sealing of these documents, arguing that he must review his medical records in order to proceed with the present litigation and provide these records to his own physician to assist him in his current medical care.

## II.  DISCUSSION

It appears from Defendants' moving papers that, while their motion is captioned as a motion to seal, Defendants ask this Court both to: (1) seal Plaintiff's medical records, thereby restricting the public's access to such records, and (2) issue a protective order, thereby preventing Plaintiff from reviewing his own medical records. In bringing a motion to seal, the moving party seeks to restrict the public's access to materials filed with the Court. See L. Civ. R. 5.3(a)(1)("This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court.") Such a motion is not used to restrict a non-moving party's access to the

4

documents. A motion for a protective order on the other hand, limits the distribution and/or use of materials produced in discovery and filed with the court. See Fed. R. Civ. P. 26(c).

### A.  **Defendants' Motion to Seal**

Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Specifically, L. Civ. R. 5.3(c)(2) requires that any motion seeking to seal or restrict public access to filed materials must include in the motion papers a description of "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2); see also Foley v. Boag, 2006 U.S. Dist. LEXIS 34879 (D.N.J. Mar. 31, 2006). In addition, where a party moves to seal pretrial motions of a "nondiscovery nature" such as a motion for summary judgment, the moving party must make a showing sufficient to overcome a "presumptive right of public access." Leucadia v. Applied Extrusion Tech., Inc., 998 F.2d 157, 164 (3d Cir. 1993); see also Securimetrics, Inc. v. Iridian Techs., Inc., 2006 U.S. Dist. LEXIS 22297, *6-7 (D.N.J. Mar. 30, 2006). The moving party can rebut this presumption by demonstrating that "good cause" exists for the protection of the material the party is seeking to seal. "Good cause exists when a

party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Securimetrics, Inc., 2006 U.S. Dist. LEXIS at *7 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted)).

Here, all four factors weigh in favor of sealing Plaintiff's medical records from public access upon the docket. With respect to factor (a), the nature of the materials at issue are the medical records of a prisoner-plaintiff attached as an exhibit to a defendant's motion for summary judgment. (Galanaugh Cert. ¶ 10.) Since the materials at issue are medical records, which have long been recognized as confidential by nature, this factor support's Defendants' motion. Despite his status as a prisoner, Plaintiff retains the right to privacy of his medical information. See Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001). Indeed, "[i]nmates retain those rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system." (Id. citing Pell v. Procunier, 417 U.S. 817, 822 (1974)). Second, with respect to factor (b), the Court finds that there is a legitimate private interest (namely, Plaintiff's privacy rights) in maintaining privacy with respect to such records.

Third, with respect to factor (c), the Court finds that Defendants have sufficiently set forth the risk of harm to the

6

private interests if Plaintiff's medical records are disclosed - namely, Plaintiff's privacy rights will be irreparably harmed. (Galanaugh Cert. ¶ 7-8.)  Finally, with respect to factor (d), the Court finds that a less restrictive alternative is not available.  Moreover, the Court notes that the documents at issue are not of general interest to public health or safety.  Thus, the Court finds that the factors enunciated in L. Civ. R. 5.2(c)(2) weigh in favor of sealing Plaintiff's medical records that will be attached as Exhibit A to Defendants' forthcoming motion for summary judgment.

    **B.**    **Motion for Protective Order**

Defendants apparently seek the extraordinary relief of obtaining permission to make an ex parte submission of highly relevant medical information.  Before this Court will prevent Plaintiff from obtaining important evidence in a § 1983 claim for deliberate indifference to an inmate's medical needs, Defendants must persuade the Court that such good cause is shown.  Defendants have not done so.  Defendants' reliance upon a general policy statement favoring confidentiality of medical records in N.J.A.C. 10A:71-2.1, supra, is insufficient to show good cause for an ex parte submission in this specific case as due process requires that Plaintiff have a reasonable opportunity to review and confront the information sought to be introduced against him. Indeed, the New Jersey Supreme Court's recent case of J.D.A. v.

7

New Jersey Department of Corrections, 2007 N.J. LEXIS 188 (2007) further weakens Defendants' reliance on this policy of confidentiality.  In J.D.A, New Jersey Supreme Court ordered the Department of Corrections to "expeditiously enact comprehensive rules and regulations" that, among other things, require the Department of Corrections to "keep complete and accurate medical records . . . and to make those complete medical records available to each inmate . . . ."  2007  N.J. LEXIS *12-13.  In addition, in J.D.A., the Department of Corrections "finally acknowledged that it, indeed, has a non-delegable duty to assure adequate medical care to inmates . . . [and that the] duty includes . . . maintaining and making available to inmates complete and accurate medical records . . . ."  Id. at * 10-11. This recent acknowledgment by the Department of Corrections and New Jersey Supreme Court's  decision makes Defendants' reliance on the general policy of confidentiality untenable.  As such, this Court will deny Defendants' request for a protective order preventing Plaintiff from obtaining and viewing his medical records.

### III. **CONCLUSION**

For the reasons set forth in this Opinion, this Court will grant Defendants' motion to seal Plaintiff's medical records that will be attached as Exhibit A to Plaintiff's motion for summary judgment.  In addition, the Court will deny Defendants' request

8

for a protective order that would prevent Plaintiff from obtaining and viewing his medical records.

The accompanying Order is entered.

**March 2, 2007**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     United States District Judge