[Docket Item No. 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VONTE SKINNER,<br><br>               Plaintiff,<br>  v.<br><br>DR. ABU ASHAN et al.,<br><br>               Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 04-2380 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    Pro se plaintiff Vonte Skinner ("Plaintiff") seeks recovery under 42 U.S.C. § 1983 for the violation of his civil rights (specifically, for violation of the Eighth Amendment prohibition against cruel and unusual punishment), claiming that he did not receive medical care for a painful bruise in his left ankle sustained while confined to South Woods State Prison.[1] This matter comes before the Court upon the motion for summary judgment of Defendants Dr. Abu Ashan, Fran Green, R.N., and Lisa Kuntz, R.N.P. (hereafter "Defendants") pursuant to Fed. R. Civ. P. 56(c). [Docket Item No. 42]. Plaintiff failed to oppose the Defendants' motion, which will be granted for the following reasons:

---

   [1] Plaintiff was released from incarceration on September 7, 2005 and currently resides in Philadelphia, Pennsylvania.

**THE COURT FINDS** as follows:

1. On May 21, 2004, Plaintiff filed the instant matter under 42 U.S.C. § 1983, claiming that after he was injured playing basketball at South Woods State Prison ("SWSP"), medical personnel at the institution were deliberately indifferent to his medical needs (a bruise on his left ankle.) [Docket Item No. 1]. Plaintiff seeks damages for claims of civil rights violations, specifically the Eighth Amendment prohibition against cruel and unusual punishment. (Compl. at 4, 5.) He brings a related claim under the New Jersey Constitution. (Id.)

2. Defendants are members of SWSP's medical staff, sued in their individual and official capacities, who Plaintiff alleges intentionally and knowingly deprived him of medical care. (Id.) Dr. Abu Ashan is the medical director at SWSP, while Fran Green and Lisa Kuntz are registered nurses who at different periods during Plaintiff's incarceration were his primary health care providers at the facility. (Id.)

3. From the date of his injury on February 15, 2002, until his release on September 7, 2005, Plaintiff was seen at least thirty-two times by SWSP medical officials or outside consulting medical personnel. (Def.'s Ex. B-GG.) Plaintiff's ankle was initially treated with rest, ice, elevation, compression, an ankle brace, crutches, and

2

   ibuprofen.  (Def.'s Statement of Material Facts ("SMF") ¶¶ 7-9.)  He was seen by SWSP medical staff on the day of his injury, and had three follow-up visits within the next six weeks.  (Def.'s Ex. B-E.)  His ankle was still receiving regular medical care more than two years later.  (See Def.'s Ex. GG.)  In response to Plaintiff's complaints of pain, he received two x-rays, an MRI, a bone scan, and seven physical therapy sessions.  (SMF ¶¶ 10-36.)  The March 18, 2004 bone scan resulted in a diagnosis of a bone bruise from an old injury to the left medial malleolous, which is on the inside of the ankle.  (Def.'s Ex. EE-GG.)

4. On March 21, 2007, Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56(c).  [Docket Item No. 42].  Plaintiff did not oppose the motion, nor did he request that the Court grant him additional time to file a response.

5. On a motion for summary judgment, a court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. P. 56(c)).  A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the nonmoving party fails to oppose the

     motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support." <u>Anchorage Assocs. v. Virgin Islands Bd. Of Tax Rev.</u>, 922 F.2d 168, 175 (3d Cir. 1990) (quoting <u>Jaroma v. Massey</u>, 873 F.2d 17, 21 (1st Cir. 1989)).  If the nonmoving party has failed to establish a triable issue of fact, summary judgment will not be granted unless "appropriate," and only if movants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(e); <u>see</u> <u>Anchorage Assocs.</u>, 922 F.2d at 175.

6. In order to successfully prove an Eighth Amendment violation, a prisoner must show that he was subjected to "cruel and unusual punishment."  U.S. Const. Amend. VIII.  In a § 1983 claim for deprivation of medical treatment in violation of a prisoner's Eighth Amendment rights, a plaintiff must show that a defendant acted with "deliberate indifference to the serious medical needs of prisoners." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  "Deliberate indifference" is an action that is "incompatible with the evolving standards of decency" or that imposes "unnecessary and wanton infliction of pain."  <u>Id.</u> at 102-03.  Thus, Plaintiff must prove (1) deliberate indifference on the part of SWSP medical officials, and (2) that his medical needs

4

      were serious, to be successful in his claim.  <u>See</u> <u>id.</u> at 106; <u>see</u> <u>also</u> <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004); <u>James v. Pa. Dep't Of Corr.</u>, No. 06-2937, 2007 U.S. App. LEXIS 9919, at *6 (3d Cir. April 27, 2007) (non-precedential).

7.    The Third Circuit Court of Appeals held deliberate indifference may be shown where "knowledge of the need for medical care is accompanied by the intentional refusal to provide that care," or where "reasonable requests for medical treatment" are denied.  <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993).  Prison authorities are allowed considerable latitude in the diagnosis and treatment of prisoners, and courts should tread lightly when reviewing the medical judgments of prison health care providers.  <u>Id.</u> at 67.  A mere difference of opinion between patient and doctor as to the course of treatment does not establish a violation under § 1983.  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987).  Also, a plaintiff's subjective desire for additional or different treatment fails to establish a deprivation of Eighth Amendment rights.  <u>See</u> <u>Crymes v. Atl. County Gov't</u>, No. 04-4450, 2006 U.S. Dist. LEXIS 35412, at *16 (D.N.J. June 2, 2006) (citing <u>Stackhouse v. Marks</u>, 556 F. Supp. 270, 272 (M.D. Pa. 1982), <u>aff'd</u>, 707 F.2d 1404 (3d Cir. 1983)).

8.  Accepting as true all material facts set forth by the Defendants, no reasonable jury could find that Plaintiff has proven deliberate indifference.  The Plaintiff alleges that his repeated requests to have his ankle evaluated by an outside specialist were ignored for more than a year, resulting in permanent pain and injury.  (Compl. at 5, 8-9.)  Yet prison medical records establish that Plaintiff's ankle was evaluated on at least 32 separate occasions over a period of 27 months, with never more than six months passing between medical visits.  (See Def.'s Ex. B-GG.)  Orthopedic specialists and other medical practitioners examined Plaintiff's ankle with the aid of x-rays, an MRI, and a bone scan.  (SMF ¶¶ 10, 13, 23-25, 33-38.)  Plaintiff also received extensive physical therapy and an ankle brace.  (SMF ¶¶ 12,14, 16-22, 26-29.)  The summary judgment record is clear that not only did Defendants take steps to address Plaintiff's immediate needs for medical attention (Ex. B, C, D, E), Defendants also took steps necessary to assure that Plaintiff's long-term medical needs were addressed.  To this end, Defendants arranged for seven physical therapy sessions (Ex. K-Q) six months after the injury. No reasonable jury could conclude that such attention to Plaintiff's medical needs was "incompatible with the evolving standards of decency," or imposed "unnecessary and wanton infliction of

      pain." <u>Estelle</u>, 429 U.S. at 102-103. Although Plaintiff may have desired better or different medical attention than what he received, he fails to establish a valid claim for medical mistreatment under the Eighth Amendment. <u>Id.</u> at 106.

9. After a plaintiff establishes deliberate indifference, he must also demonstrate the neglect of a serious medical need. <u>Id.</u> at 104. "A medical need is 'serious,' satisfying the second prong of the <u>Estelle</u> test, if it is (1) one that has been diagnosed by a physician as requiring treatment or (2) one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Corr. Inst. Inmates</u>, 834 F.2d at 346 (quoting <u>Pace v. Fauver</u>, 479 F. Supp. 456, 458 (D.N.J. 1979), <u>aff'd</u>, 649 F.2d 860 (3d Cir. 1981)).

10. In light of the finding of the lack of deliberate indifference, it will not be necessary to consider whether the bone bruise on Plaintiff's ankle presented a serious medical need. Because the record clearly establishes that Defendants provided Plaintiff with significant access to medical care and did not show deliberate indifference to his medical needs, summary judgment in favor of Defendants is appropriate in the claim under § 1983.

11.  Summary judgment is also appropriate for Plaintiff's claim under the New Jersey Constitution.  Plaintiff has not identified a violation of a specific section of the state Constitution, but it may be surmised that he intended to invoke Art. I, para. 12 ("cruel and unusual punishments shall not be inflicted.")  The New Jersey Supreme Court held, in State v. Ramseur, 106 N.J. 123 (1987), that "the test to determine whether a punishment is cruel and unusual under Article I, paragraph 12, of our Constitution is generally the same as that applied under the federal Constitution."  That Court has not directly addressed the issue of the deprivation of medical treatment in violation of a prisoner's civil rights, but because the test is no different, we find the same result.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be granted on all claims and the accompanying Order will be entered.

**June 29, 2007**  　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date 　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　U.S. District Judge